UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ALFRED C. PUCCI,                          :

                        Plaintiff,        :        18 Civ. 2426 (PGG)(HBP)

    -against-                             :        OPINION
                                                   AND ORDER
REQUESTER COMMUNICATION BRANCH,           :
Office of Information Programs
and Services, et al.,                     :

                        Defendants.       :

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/2018

          PITMAN, United States Magistrate Judge:

          This is an action brought under the Privacy Act of

1974, 5 U.S.C. § 552a.  The action has been referred to me to

determine whether plaintiff should be permitted to conduct

discovery.  For the reasons set forth below, I conclude that

plaintiff should not be permitted to conduct discovery.

          Plaintiff alleges that he served a request on the

United States Department of State ("DOS") seeking personal

information and records concerning himself.  According to

plaintiff, the DOS responded by stating that some or all of the

records plaintiff requested did not appear to be DOS records and

by including contact information for the Central Intelligence

Agency's ("CIA's") Information and Privacy Coordinator.

Plaintiff subsequently served requests for personal information

on the CIA's Information and Privacy Coordinator.  The CIA

responded by stating that a search of its records revealed "no records of an acknowledged affiliation with the CIA" and that "to the extent the records revealed a classified association, the [CIA] can neither confirm nor deny the existence of personal records . . ." (Complaint, dated Mar. 16, 2018 (Docket Item ("D.I.") 1) ("Compl.") at 8). Plaintiff seeks access to any personal information concerning himself maintained by the DOS and the right to amend that information if it is inaccurate (Compl. at 9).

On July 13, 2018, after a conference with the plaintiff and counsel for defendants, the Honorable Paul G. Gardephe, United States District Judge, ordered plaintiff to submit a letter describing the discovery he seeks (Order of the Honorable Paul G. Gardephe, dated July 13, 2018 (D.I. 18)). Despite Judge Gardephe's Order, plaintiff has failed to detail the discovery he seeks. After the matter was referred to me, I also issued an Order directing plaintiff to describe the specific discovery he seeks and to explain why the discovery is appropriate. In addition, because plaintiff's submissions suggest that plaintiff is claiming to have worked for the DOS or the CIA between 2000 and 2005 or 2006, my Order also directed him to submit any documentary evidence in his possession that would corroborate this claim (Order, dated Oct. 11, 2018 (D.I. 26)). Although plaintiff made a written submission in response to this Order, he

2

neither described the specific discovery he sought, nor did he submit any documentary evidence to corroborate his claim of having worked for either the DOS or the CIA. In addition, plaintiff's response oddly asked that I "postpone discovery in lieu of the [plaintiff's] recommendation." (Plaintiff's Response to Court Order, dated Oct. 26, 2018 (D.I. 27) at 2).

Among other things, the Privacy Act limits the ability of federal agencies to disseminate an individual's personal information and grants the individual the right to review and correct personal information in a federal agency's files. See generally Fisher v. Nat'l Insts. of Health, 934 F. Supp. 464, 469 (D.D.C.), aff'd, 107 F.3d 922 (D.C. Cir. 1996); Doe v. U.S. Civil Serv. Comm'n, 483 F. Supp. 539, 555 (S.D.N.Y. 1980) (Tenney, D.J.). Although there is little authority on the subject, it appears that discovery in Privacy Act cases in which the plaintiff is seeking access to his own records is governed by the same principles applicable to actions brought under he Freedom of Information Act ("FOIA"). See Sai v. Transp. Sec. Admin., 315 F. Supp. 3d 218, 264-65 (D.D.C. 2018); Ferrigno v. U.S. Dep't of Homeland Sec., 09 Civ. 5878 (RJS), 2011 WL 1345168 at *4 (S.D.N.Y. Mar. 29, 2011) (Sullivan, D.J.). Where, as here, the Privacy Act claim is based on a plaintiff's request to access his own records, the same standard should apply. In both situations, the nature of the claim is the same, namely the plaintiff's right

to have access to records, and the issue is the same, namely whether the agency has conducted an adequate search for responsive records. It would be odd for a plaintiff to have a different set of procedural rights for the same conduct simply because he brought his action under one statute rather than the other.

In cases brought under the FOIA, "the defending agency has the burden of showing that its search was adequate . . . ." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994); accord Mobley v. CIA, 924 F. Supp. 2d 24, 44 (D.D.C. 2013) ("an agency's search obligations are dictated by whether the scope of the search is reasonably calculated to uncover all relevant documents" (internal quotation marks omitted)), aff'd, 806 F.3d 568 (D.C. Cir. 2015). "This standard does not demand perfection, and thus failure to return all responsive documents is not necessarily inconsistent with reasonableness: an agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search reasonably designed to identify and locate responsive documents." Adamowicz v. I.R.S., 672 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) (Preska, D.J.) (internal quotation marks omitted), aff'd, 402 F. App'x 648 (2d Cir. 2010); accord Conti v. U.S. Dep't of Homeland Sec., 12 Civ. 5827 (AT), 2014 WL 1274517 at *11 (S.D.N.Y. Mar. 24, 2014) (Torres, D.J.).

"FOIA cases are generally resolved on motions for summary judgment." Nat'l Day Laborer Org. Network v. U.S.

4

Immigration & Customs Enf't Agency, 827 F. Supp. 2d 242, 249 (S.D.N.Y. 2011) (Scheindlin, D.J.), citing, inter alia, Bloomberg L.P. v. Bd. of Governors of the Fed. Reserve Sys., 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009) (Preska, D.J.).  An agency ordinarily can meet its burden on a summary judgment motion by offering "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . ." Carney v. U.S. Dep't of Justice, supra, 19 F.3d at 812; accord Sorin v. U.S. Dep't of Justice, 18-99-cv, 2018 WL 6431027 at *1 (2d Cir. Dec. 6, 2018).  "Affidavits submitted by an agency are accorded a presumption of good faith . . . ; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." Carney v. U.S. Dep't of Justice, supra, 19 F.3d at 812 (internal quotation marks and citation omitted); accord Sorin v. U.S. Dep't of Justice, supra, 2018 WL 6431027 at *1.  Once an agency has met its burden, a plaintiff may obtain discovery only upon a showing of bad faith or by offering concrete evidence that summary judgment is inappropriate.  Carney v. U.S. Dep't of Justice, supra, 19 F.3d at 812-13; Conti v. U.S. Dep't of Homeland Sec., supra, 2014 WL 1274517 at *10.  "Speculation that other documents exist, without more, 'does not undermine the finding that the agency conducted a reasonable search.'" Garcia v. U.S. Dep't of Justice, 181 F.

Supp. 2d 356, 366 (S.D.N.Y. 2002) (Gorenstein, M.J.), quoting
SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir.
1991).

Assuming plaintiff is still seeking discovery,[1] his
application is denied. First, despite being ordered by both
Judge Gardephe and myself to describe the specific discovery he
is seeking, plaintiff has failed to do so. Plaintiff's inability
or unwillingness to describe what he wants is reason alone to
deny discovery.

Second, as the authorities discussed above establish,
discovery is the exception and not the rule in FOIA cases. In
response to my October 11 Order, plaintiff had the opportunity to
demonstrate that there is substance to his claim that documents
exist by providing some evidence to corroborate his contention
that he worked for the DOS or the CIA. Plaintiff provided
nothing in response and offered no explanation for his failure to
do so.

Given the standard that must be met to warrant discov-
ery in FOIA cases and plaintiff's failure to offer anything
impugning the responses of the DOS and CIA, I conclude that

---

[1]As noted above, plaintiff's most recent submission seeks to
"postpone" discovery.

6

plaintiff has not made an adequate showing to permit discovery

and that his request for discovery is, therefore, denied.

Dated:   New York, New York
         December 27, 2018

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Mr. Alfred C. Pucci
268 Coachlight Square
Montrose, New York   10548

Copy transmitted to:

Counsel for Defendants